# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HELEN L. LILLY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0706** (BOR Appeal No. 2051063)
(Claim No. 2015001744)


**LITTLE GENERAL STORE, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Helen L. Lilly, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Little General Store, Inc., by David A. Holtzapfel, its attorney, filed a timely response.

The issue on appeal is whether a neck sprain is a compensable condition of the claim and if a referral to Andrew Thymius, D.O., is medically related and reasonably required treatment. On February 20, 2015, the claims administrator denied a request to add a neck sprain as a compensable condition of the claim. By separate decision on the same day the claims administrator denied a request for a referral to Dr. Thymius. On January 26, 2016, the Office of Judges affirmed both of the claims administrator's decisions. The Board of Review affirmed the Order on June 27, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lilly, an employee for Little General Store, Inc., was climbing a ladder to change a billboard at the store on July 11, 2014, when she fell. Ms. Lilly injured her back, head, elbow, and ankle when she fell. Ms. Lilly sought medical attention at MedExpress the day of the injury. She was diagnosed with right low back, right elbow, right wrist, and right ankle sprain. X-rays of

1

the ankle, wrist, and elbow were unremarkable. There was no record indicating she injured her neck.

On July 15, 2014, the claims administrator approved the claim for lumbar spine, wrist, elbow, and ankle sprains. Ms. Lilly had several follow-ups after the accident. She reported to MedExpress on July 15, 2014; July 18, 2014; July 21, 2015; and July 30, 2014; and did not report any neck symptoms to the provider. From July 30, 2014, until October 14, 2014, there was no evidence that Ms. Lilly sought any treatment for her July 11, 2014, accident.

On October 14, 2014, Ms. Lilly was seen at MedExpress. The diagnosis form included a neck strain, which was the first documented evidence of any neck injury. Ms. Lilly only provided three of the five pages of the report. An October 28, 2014, MRI of the neck revealed a bulging disc at C4-5 with mild central canal stenosis, a central and paracentral disc protrusion at C5-6 with mild canal stenosis and bilateral foramina stenosis, and a right paracentral disc protrusion at C5-7 with right neural foramina stenosis. Ms. Lilly was seen at MedExpress on November 16, 2014, and was diagnosed with a neck sprain, shoulder sprain, back strain, and unspecified neuralgia neuritis/radiculitis. She was referred to a neurologist and placed on modified work duty.

Ms. Lilly was seen by John H. Schmidt III, M.D., on December 8, 2014. Ms. Lilly stated that she suffered from eye twitching, neck pain, right diffuse arm pain, numbness into the right hand, low back pain, and posterior leg pain. She indicated that physical therapy did not help and that medications were of little effect. Dr. Schmidt noted that Ms. Lilly suffered from herniated discs in her neck and would benefit from injections and a referral to a pain clinic. Dr. Schmidt submitted a request for Ms. Lilly to see Dr. Thymius on December 10, 2014. The request neither stated the reason for the referral nor a diagnosis.

James Dauphin, M.D., completed a physician's review report on December 17, 2014. He opined that the alleged neck sprain should not be considered a compensable component of the claim because Ms. Lilly did not mention the pain until months after the injury. He further opined that any pain and treatment required in her neck was due to degenerative changes as opposed to an acute injury. By separate decisions on February 20, 2015, the claims administrator found that a neck sprain was not a compensable diagnosis in the claim and concluded that a referral to Dr. Thymius was not necessary.

On April 30, 2015, Ms. Lilly was deposed regarding her injury. She testified about her fall and indicated that she hurt her neck during the accident. She stated that she did not have any neck problems prior to the injury. After the injury her neck felt stiff, but she concluded that she probably slept on it wrong. After some time, she realized that it was related to the injury and reported it to her physician. In an undated handwritten statement Amy Cecil, Ms. Lilly's daughter and co-worker, stated that Ms. Lilly fell from the ladder and subsequently complained of pain in her back, arm, hand, ankle, and head. She noted that MedExpress did not examine her back, neck, or head.

The Office of Judges determined that Ms. Lilly did not sprain her neck in the course of and as a result of her employment. The Office of Judges noted that she did not mention neck pain directly after her injury or in the multiple follow-ups in July of 2014. The Office of Judges found that she did not receive any treatment from July of 2014 until October of 2014. The Office of Judges noted the first time Ms. Lily began complaining of neck pain was at a MedExpress visit that occurred on October 14, 2014. This was a significant time after the injury had occurred. The Office of Judges found that the MRI of the cervical spine revealed significant findings such as disc bulges and protrusions with significant stenosis. The Office of Judges concluded that her symptoms arose from the significant degenerative changes in the neck as opposed to an alleged sprain. The Office of Judges also found that because there was not a compensable neck injury, a referral to Dr. Thymius was not necessary.

After review, we agree with the reasoning and conclusions of the Office of Judges and Board of Review. Ms. Lilly failed to show that her neck symptoms were related to the accident. She did not complain of neck pain directly after the injury or in any of her three follow-up appointments. While it is apparent she began complaining of neck symptoms in October of 2014, it is likely that these complaints are related to her significant cervical degenerative disc disease. Further, the record is supported by the opinion of Dr. Dauphin. Because Ms. Lilly could not show that she sustained a neck sprain attributable to the compensable injury, it was appropriate for the Office of Judges and Board of Review to find that it was not a compensable condition of the claim. Ms. Lilly argued that her neck injury required her to see Dr. Thymius, a pain clinic physician. Because her neck is not a compensable component of the claim, it was appropriate for treatment to be denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum